## COMMONWEALTH *vs.* JEFFREY A. PERACHIO.

No. 03-P-144.

Berkshire. February 12, 2004. - August 11, 2004.

Present: CYPHER, KANTROWITZ, & BERRY, JJ.

*Motor Vehicle,* Operating under the influence. *Evidence,* Intoxication, Field sobriety test. *Intoxication.*

This court concluded that, under the circumstances of the case, a police officer's observations of the defendant's intoxication, made seventy-two minutes before the officer encountered the defendant while he was operating a motor vehicle, provided the officer sufficient reasonable suspicion to request that the defendant perform field sobriety tests. [593-594]

COMPLAINT received and sworn to in the North Adams Division of the District Court Department on May 9, 2002.

A pretrial motion to suppress evidence was heard by *Michael J. Ripps,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Roderick L. Ireland,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to this court.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.

*Alan Jay Black* for the defendant.

KANTROWITZ, J. Did a police officer's observations of the defendant's intoxication, made seventy-two minutes before the officer encountered the defendant while he was operating a motor vehicle, provide the officer sufficient reasonable suspicion to request that the defendant perform field sobriety tests? In the circumstances of this case, yes.

The defendant, Jeffrey A. Perachio, was charged with operating a motor vehicle while under the influence of alcohol, G. L. c. 90, § 24, and unlicensed operation of a motor vehicle, G. L.

c. 90, § 10. His motion to suppress evidence obtained in the course of the stop of his vehicle was allowed.[1] The Commonwealth brings this interlocutory appeal, arguing that (1) the officer had reasonable suspicion to believe that the defendant was under the influence of alcohol and to conduct field sobriety tests; and (2) the motion judge improperly limited the prosecutor's questioning of its witness and failed to clarify the evidence by questioning the witness himself.

*Facts.* On May 5, 2002, at approximately 12:50 A.M., a woman, accompanied by the defendant, entered the North Adams police station to report an incident involving an alleged assault and battery at a local establishment. Officer Jason Wood, in assisting them, noticed the defendant to be "unsteady on his feet, with bloodshot eyes, face . . . flushed, [and] a strong odor of alcohol coming from his breath." A record check revealed that the defendant's license had expired. The defendant was advised not to drive.

Approximately one hour later, at 2:02 A.M., while on routine patrol, Officer Wood "observed a white Volkswagen Jetta [automobile] abruptly pull onto the roadway" causing the officer to "hit [his] brakes relatively hard to slow up." The officer followed the vehicle for about a quarter of a mile, at which point it parked and he observed the operator get out of the car.[2]

---

[1] The defendant claimed that "the stop was made without an articulable suspicion that a crime was committed" and that "all observations of police officers, including any results of any field sobriety tests as a result of this unlawful detention," should be suppressed. Because the defendant had already, of his own volition, pulled over and parked the car when the officer approached, there was no *Terry*-type stop of the vehicle. *Terry* v. *Ohio*, 392 U.S. 1 (1968). The point at which the officer's acts first raise a question of possible intrusion on the defendant's rights under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights is when the officer asked him to perform field sobriety tests. See *Commonwealth* v. *Eckert*, 431 Mass. 591, 598 (2000).

[2] On cross-examination, the officer testified, "I asked [the defendant] to get out of the car." The judge recognized a possible conflict in the testimony and attempted to clarify the situation, but, apparently out of a sense of impartiality, curtailed his questioning when defense counsel objected. See generally *Commonwealth* v. *Gomes*, 54 Mass. App. Ct. 1, 5 (2002). The judge, in his findings, did not determine which version to accept. The parties do not press this on appeal.

He recognized the operator to be the defendant, whom he had seen in the police station approximately an hour earlier. The officer "advised him that he had an expired license and . . . asked him if he remembered [their] conversation in the station." The defendant did not reply. The officer asked the defendant to perform field sobriety tests, the failure of which resulted in his arrest.

At the hearing on the motion to suppress, the prosecutor failed to ascertain what observations the officer had made of the defendant prior to asking the defendant to perform the field sobriety tests. The issue, as framed by the motion judge, was "whether Officer Wood possessed a reasonable suspicion that [the defendant] was under the influence at 12:50 A.M. and if he did, would he have had a substantial basis for concluding that the evidence was present at 2:02 A.M., in the absence of further testimony?"

While ruling that "[t]here is little question that there was a reasonable suspicion to believe that [the defendant] was under the influence of alcohol at 12:50 A.M.," the court found it too speculative to find that the defendant continued to be under the influence seventy-two minutes later. We disagree.

*Discussion.* "[T]he detention of a person for the purpose of administering [field sobriety] tests constitutes a minimal intrusion on the . . . rights [under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights] that is justified where [a police] officer has reasonable suspicion, based on specific, articulable facts and reasonable inferences therefrom, that the [person] is operating [a motor vehicle] while under the influence of drugs or alcohol." *Commonwealth* v. *Eckert*, 431 Mass. 591, 596-597 (2000).

Here, the defendant had stopped the vehicle of his own volition, and the officer, upon seeing the defendant, recognized him as the individual whom he had observed a little more than an hour earlier at the police station, smelling of alcohol and showing other indicia of intoxication. This evidence was sufficient to

justify a request that the defendant perform field sobriety tests.[3] See *Commonwealth* v. *Blais*, 428 Mass. 294, 298 (1998) ("A drunk driver let loose on the highways is a deadly menace . . . [and therefore] it is appropriate for an officer with reasonable suspicion that a person is operating a vehicle while under the influence of drugs or alcohol to take the brief, scarcely burdensome steps involved in administering these tests in order to assure himself that he is not turning loose a drunk driver on the traveling public").[4]

The order allowing the defendant's motion to suppress evidence is reversed.[5]

*So ordered.*

---

[3]Further, the manner in which the motor vehicle came to the officer's attention — an abrupt turn causing the officer to brake heavily — is an additional fact supporting the reasonableness of the actions subsequently taken.

[4]We recognize that the defendant would not have been allowed to continue driving the motor vehicle, given his lack of a license. Indeed, he was subject to arrest for so operating. See G. L. c. 90, §§ 10, 21. "[P]robable cause to arrest the defendant [existed], thus rendering the field sobriety tests an incident of a lawful detention and their results admissible at trial." *Commonwealth* v. *Eckert*, 431 Mass. at 600.

[5]With respect to the second issue raised by the Commonwealth, the judge acted within his discretion in denying the prosecutor a third opportunity to question his witness. A judge may curtail direct or cross-examination at his discretion, and his decision will not be disturbed absent palpable error. See *Commonwealth* v. *Lucien*, 440 Mass. 658, 663 (2004); *Commonwealth* v. *Moreau*, 57 Mass. App. Ct. 250, 253 (2003).